UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | CASE NO.: 1:26 CR 60 |
| vs. | ) | <u>MEMORANDUM OPINION AND ORDER</u> |
| HOUSE, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant, Roy Wimberly's Motion to Dismiss Indictment. (ECF #106). The Defendant seeks to have the Felon in Possession charge against him dismissed, arguing that 18 U.S.C. §922(g)(1) is unconstitutional as applied to his circumstances.

## FACTUAL BACKGROUND[1]

Mr. Wimberly was previously convicted of murder in violation of Ohio Revised Code section 2903.02, a special felony offense, and a crime of violence. (Case No. CR95-07-1917, Court of Common Please of Summit County, Ohio). The superceding indictment in this case

---

1 The facts have been taken from the allegations in the indictment. These facts are accepted as true for purposes of this opinion only. They should not be construed as findings of the Court.

charges, among other things, that he was a Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8).

## ANALYSIS

Defendant argues that 18 U.S.C. §922(g)(1), the statute prohibiting possession of a weapon by people who have been previously convicted of a crime punishable by imprisonment of a term exceeding one year, is unconstitutional as applied.

The Supreme Court of the United States has upheld the constitutionality of §922(g0)(1) against "individual[s] found by a court to pose a credible threat to the physical safety of anther." *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Based, at least in part, on the *Rahimi* holding, the Sixth Circuit has determined that felon dispossession laws, such as 18 U.S.C. §922(g)(1) are "not susceptible to a facial challenge." *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024). The *Williams* court further held that "most applications of §922(g)(1) are constitutional" when applied to dangerous people. 1113 F.4th at 662-63.

It is the defendant's burden to make an individualized showing that he is not dangerous. *Id.* at 662 . Mr. Wimbley has failed to meet that burden. The fact that Mr. Wimbley has a prior conviction for murder is serious evidence that he is dangerous, and his possession of weapons would be likely to endanger the community. *Id. at 657-58; accord, United States v. Gaither*, 2024 WL 4567281 at *2 (N.D. Ohio Oct. 24, 2024). His only argument now is that he felt threatened by his victim, and his crime occurred when he was much younger. Mr. Wimbley admits that he shot the victim in his prior case multiple times, and that a jury did not accept his "stand your ground" defense. He has offered no information that would overcome the serious evidence of

dangerousness that comes with his prior conviction for murder. Therefore, §922(g)(1) is constitutional as applied to Mr. Wimbley based on the details of his specific conviction.

## CONCLUSION

For the reasons set forth above, the Court finds that Defendant, Mr.Wimbley's Motion to Dismiss the Indictment is not supported by the record or by the applicable law. The motion is, therefore, DENIED. (ECF #106). IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: September 22, 2026